IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ASHYBUDIKE FRIDAY OGENE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:15CV87 |
| ) | |
| RANDY REGISTER, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed a Motion to Dismiss and Initial Answer. (Docket Entry 5.) Petitioner filed a Response (Docket Entry 9), a Brief in support of the Response (Docket Entry 10), and a Supplement (Docket Entry 8). Respondent filed a Reply. (Docket Entry 11.) This case is now prepared for a ruling.

### Background

On July 27, 1992, Petitioner was convicted after pleading guilty in Superior Court, Guilford County to seventeen counts of obtaining property by false pretenses. (Docket Entry 1, §§ 1-6; Docket Entry 6, Ex. 3.) He was sentenced to five consecutive ten year sentences; that is, to a sentence of fifty years. (*Id.*) Petitioner gave notice of appeal to the North Carolina Court of Appeals, and Appellate Entries were filed on September 29 and 30, 1992. (Docket Entry 6, Ex 4.) On February 8, 1993, Petitioner filed a petition for writ of certiorari and a motion to withdraw his guilty plea in the North Carolina Court of Appeals (*Id.*, Exs. 5-6.) On March 3, 1993, the court dismissed the motion to withdraw the guilty

plea, denied the petition for writ of certiorari, and granted the State's motion to dismiss the appeal. (*Id.*, Ex 8.) More than twenty years later, on March 19, 2014, Petitioner filed a motion for appropriate relief ("MAR") in Superior Court, Guilford County. (*Id.*, Ex 9.) On June 9, 2014, the MAR was denied. (*Id.*, Ex 12.) On July 22, 2014, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. (*Id.*, Ex 13.) It was denied on July 28, 2014. (*Id.*, Ex 15.) On January 14, 2015, Petitioner signed his Petition in this action, and it was file-stamped on January 26, 2015. (Docket Entry 2.)

### Petitioner's Claims

Petitioner raises three claims: (1) that his due process rights were violated on the grounds that he was coerced into pleading guilty; (2) that he received ineffective assistance of counsel from his trial counsel; and (3) that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*, § 12.)

### Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 5.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

2

>   the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Under Subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

Here, at the latest, Petitioner's case became final when his time expired for seeking review in the North Carolina Supreme Court of the March 3, 1993 North Carolina Court of Appeal's dismissal of his appeal and the denial of his petition for writ of certiorari. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). To the extent Petitioner could resort to further review, it would have been through the State Supreme Court by way of another petition for writ of certiorari, so long as it was filed without unreasonable delay. N.C. R. App. P. 21. That provision, in turn, has been interpreted as allowing for a period of up to sixty days. *See Allen v. Dail*, No. 5:13-HC-2068-FL, 2014 WL 1117928, *3 (E.D.N.C. Mar. 20, 2014) (citing

3

*Evans v. Chavis*, 546 U.S. 189, 201 (2006)). Accordingly, Petitioner's case became final on May 3, 1993; that is, sixty days from the dismissal of his appeal and denial of his petition for writ of certiorari on March 3, 1993. Nevertheless, the time limit in § 2244(d)(1) did not exist at that time and did not become effective until April 23, 1996. Because Petitioner's conviction became final prior to April 23, 1996, Petitioner had one year from that date, or to and including April 23, 1997, to file his Petition. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). However, Petitioner did not file his Petition until January of 2015. Consequently, it has been time-barred for close to twenty years.

As Plaintiff correctly points out (Docket Entry 10 at 1-2), it is true that he pursued post-conviction relief in the State courts and it is true that attempts at collateral relief in the State courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner filed his MAR in March of 2014, years after the deadline to file in this Court had already passed. State filings made after the federal limitations period expires do not restart or revive the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, unless Subparagraphs (B)-(D) of § 2244(d)(1) apply, the Petition is clearly time-barred.

Petitioner has not meaningfully invoked Subparagraph (B),[1] and there is no reason to believe it applies here. However, Petitioner has arguably attempted to invoke Subparagraph (C) by referencing the decisions in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*,

---

[1] If Petitioner is attempting to invoke Subparagraph (B) in one of his contentions described above, it fails for the same reasons articulated herein.

4

132 S.Ct. 1399 (2012). (Docket Entry 10 at 2-3.) Nevertheless, "[t]hese cases fail to warrant belated commencement under 28 U.S.C. § 2244(d)(1)(C) for newly recognized constitutional rights because *Lafler* and *Frye* simply discussed the constitutional right to effective assistance of counsel in the context of plea bargaining that defendants have enjoyed for decades." *Walker v. Hall*, No. 1:11CV128, 2014 WL 7272812, at *11 (M.D.N.C. Dec. 18, 2014) (unpublished) (internal quotations omitted) (collecting cases). And, even setting this issue aside, those cases were decided in 2012 and so even if they did restart the one-year limitation period (which they do not), Petitioner's claims would still be time-barred because his State post-conviction efforts did not begin until March of 2014 and he did not file the instant Petition until January of 2015.

If Petitioner is trying to invoke Subparagraph (D), that argument also fails. The factual predicate underlying his claims were, or should have been, known to him years before the expiration of the deadline to file the instant Petition. Moreover, even assuming a change in law could be sufficient to trigger this Subparagraph, Petitioner has pointed to no change in the law that would render his Petition timely. (Docket Entry 3 at 4, 8.)

The Court notes further that the doctrine of equitable tolling applies to the time bar set forth in § 2244. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, while Petitioner invokes this doctrine in a conclusory manner (Docket Entry 10 at 5), nothing on the record suggests that he meets either prong here. Indeed, the facts

5

Petitioner pleads are particularly unfavorable in regards to equitable tolling, because he apparently absconded from State custody for thirteen of the nearly twenty years since his limitation deadline expired. (Docket Entry 3 at 2.)

Petitioner may also be contending that his Petition should proceed regardless of the one-year limitation period because his claims have merit. However, the potential merits of a claim generally do not affect the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). Simply put, there is no merits based exception to the one-year limitation period—though there is an actual innocence exception, addressed below—and Petitioner has failed to demonstrate that the deadline should be equitably tolled.

Additionally, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court recognized an actual innocence exception to the limitations statute. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995); *see McQuiggin*, 133 S. Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner has failed to meaningfully invoke this potential avenue of relief.

In summary, Petitioner's statute of limitation began to run on April 23, 1996, and expired one year later on April 23, 1997. His State post-convictions proceedings did not entitle him to statutory tolling because they were filed and resolved after the duration of the limitations period. Likewise, Petitioner has not demonstrated that he can resort to equitable

6

Case 1:15-cv-00087-WO-JLW   Document 13   Filed 08/06/15   Page 6 of 7

tolling. Petitioner did not submit the instant Petition until January of 2015, close to two decades after the expiration of the federal habeas deadline. Petitioner's Petition is time-barred under Subparagraph A and should be dismissed. An evidentiary hearing in this matter is not warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED** and that the Petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Joe L. Webster
United States Magistrate Judge

August 6, 2015
Durham, North Carolina